UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

HOLIDAY ISLE, L.L.C.,                                          CASE NO. 08-14135-WSS

    Debtor.                                                        Chapter 11

## ORDER ON OBJECTIONS TO CLAIMS

    Irvin Grodsky, Counsel for the Debtor
    A. Richard Maples, Counsel for Unsecured Creditors Committee
    Carson I. Nicolson, Counsel for several creditors
    Craig D. Olmstead, Counsel for Randall A. Coggins and Kenneth R. Thompson

This contested matter came before the Court on the Debtor's objections to claims of certain creditors listed in the Appendix whose claims were based on an arbitration award confirmed by the United States District Court. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §157, 1334 and the Order of Reference from the District Court. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2). After due consideration of the pleadings, briefs and arguments of counsel the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

The Debtor filed a petition under Chapter 11 on October 23, 2008. The Court confirmed the Debtor's amended plan on November 3, 2009. The Debtor objected to certain claims of purchasers of condominiums, each of whom have received arbitration awards against the Debtor which have now been confirmed by judgments of the United States District Court for the Southern District of Alabama.

The claimants filed amended claims subsequent to confirmation of the arbitrator's award

1

and the Court's confirmation of the same. The Debtor has objected to the allowance of that portion of the arbitration awards and judgments which represent an award of attorneys' fees to the claimants for postpetition services provided by their attorneys and to that portion of the arbitration awards and judgments which represent an award of postpetition preconfirmation interest. The award of attorneys' fees was made under the Interstate Land Sale Full Disclosure Act (ILSFDA), 15 U.S.C. §1709.

## CONCLUSIONS OF LAW

While admitting that the awards are valid under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701 et seq., the Debtor maintains that the claims based on these awards are not allowed under 11 U.S.C. §502(b)(1) and §506(b). Section 502(b)(1) provides that a claim is allowed "except to the extent that such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured". Section 506(b) allows the holder of an oversecured claim to receive interest, "any reasonable fees", costs or charges allowed in the agreement or state statute from which the secured claim arose. The Debtor urges this Court to adopt a line cases holding that unsecured creditors cannot collect postpetition attorney fees from the estate because 11 U.S.C. §506(b) is the only provision in the Bankruptcy Code that permits a creditor to recover postpetition fees from the estate, and §506(b) applies only to secured creditors, not unsecured creditors. See *In re Electric Machinery Enterprises, Inc.*, 371 B.R. 549, 550-51 (Bankr. M.D. Fla. 2007) and the case law cited therein. The Debtor also objects to any postpetition/preconfirmation interest included in the claims at issue. The Debtor cites §502(b)(2), which disallows a claim to the extent that the claim is for unmatured interest. The

2

Debtor asserts that each claim includes some unmatured interest as of the chapter 11 filing date. The Debtor's plan provides for interest on the allowed amount of each unsecured claim, and therefore interest began to accrue as of November 3, 2009, the confirmation date.

The debtor in *Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.*, 549 U.S. 443, 127 S.Ct 1199 (2007) made a similar argument regarding §506(b) in support of its objection to a creditor's inclusion of postpetition attorney's fees in its claim. However, the Supreme Court limited its ruling to overturning the Ninth Circuit's *Fobian* Rule, which disallowed postpetition attorney fees incurred specifically in litigating bankruptcy issues. The Court examined the exceptions to allowance of claims in §502(b)(2)-(9), and found that the only possible basis for disallowing the claim for postpetition attorney fees was §502(b)(1). *Id.* at 1204-05. The Court found that the Bankruptcy Code, in §502 or elsewhere, did not disallow contract-based claims for postpetition attorney fees based solely on the fact that the fees were incurred litigating bankruptcy issues and allowed the creditor's postpetition attorney fees. *Id*. at 1205-06. Pacific argued that since §506(b) only allows postpetition attorney fees for oversecured creditors, it is understood that undersecured and unsecured creditors cannot receive postpetition attorney fees. The Court refused to express an opinion as to whether "other principles of bankruptcy law might provide an independent basis for disallowing Travelers' claim for attorney's fees" because the issue was not raised in the lower courts. *Id*. at 1207. Some commentators who have examined the *Travelers* decision and the caselaw existing prior to the decision assert that the Supreme Court will ultimately rule that postpetition attorney fees for unsecured creditors are disallowed because §502(b)(1) expressly incorporates "applicable law", including §506(b), which limits recovery of postpetition attorney fees to oversecured creditors.

See Jennifer M. Taylor and Christopher J. Mertens, <u>*Travelers* and the Implications on Allowability of Unsecured Creditors' Claims for Post-petition Attorneys' Fees Against the Bankruptcy Estate</u>, 81 Am. Bankr. L. J. 123 (2007).

To support the portion of their claims for postpetition attorney's fees, the claimants rely on two recent circuit court decisions, *In re SNTL Corp.*, 571 F.3d 826 (9th Cir. 2009) and *Ogle v. Fidelity & Deposit Co.*, 586 F.3d 143 (2nd Cir. 2009). The trustee in *SNTL Corp.* objected to the claim of an unsecured creditor, Centre, on several grounds including Centre's inclusion of postpetition attorney fees. *SNTL Corp.*, 571 F.3d at 832-33. The *Ogle* trustee also objected to postpetition attorney fees incurred in litigating payment under a surety bond. *Ogle*, 586 F.3d at 145. Both cases address the issue of whether an unsecured creditor can recover postpetition attorney fees authorized by a prepetition contract. Both cases consider the *Travelers* decision and the interplay between §502(b)(1) and §506(b) to conclude that the Bankruptcy Code does not prohibit unsecured creditors from recovering postpetition attorney fees as part of their unsecured claims.

In *SNTL, Corp.*, the Ninth Circuit outlines its decision on the arguments against allowing postpetition attorney fees for unsecured claims, and begins its discussion with "Section 502 v. Section 506". The court found that §506(b) deals with the portion of attorney fees that have secured status, while §502 deals with which claims are allowed and the exceptions to allowed claims. "'. . . [Section] 506(b) does not create additional exceptions to the allowance of claims; rather it only provides for the classification of allowed claims as secured or unsecured'". *SNTL, Corp.*, 571 F.3d 826, 843 (quoting *In re Tricca*, 196 B.R. 214, 219-20 (Bankr. D. Mass. 1996)). "Therefore, if section 506(b) is . . . irrelevant to determining the allowability of an unsecured

4

claim, we must look to section 502 to determine allowability." *SNTL, Corp.*, 571 F.3d at 843.

The court based its conclusion on the Ninth Circuit's *Joseph F. Sanson Inv. Co. v. 268 Ltd. (In re 286 Ltd.)*, 789 F.2d 674 (9th Cir. 1986) and the Eleventh Circuit's *Welzel v. Advocate Realty Inv. LLC (In re Welzel)*, 275 F.3d 1308 (11th Cir. 2001), which held that the portion of an oversecured creditor's claim for attorney fees not allowed as "reasonable" under §506(b) could be made as an unsecured claim under §502(b)(1), rather than having this portion of the claim disallowed. The *SNTL, Corp.* court quoted from *Welzel*:

> [W]e must determine how to interpret the general instructions concerning allowance and disallowance contained in [section] 502 and the more specific instructions concerning attorney's fee in [section] 506(b) such that the two provisions are rendered consistent. We first note that [section] 506(b) does not state that attorney's fees deemed unreasonable are to be disallowed. In fact, the subsection is completely silent with regard to the allowance /disallowance issue. This silence suggests that [section] 506(b) is meant not to displace the general instructions laid down in [section] 502, but to be read together in a complementary manner.
>
> *SNTL, Corp.*, 571 F.3d at 842-43 quoting *Welzel*, 275 F.3d at 1317.

The *Ogle* court also determined that §506(b) is silent about postpetition attorney fees for unsecured creditors, and looked to *Travelers* to interpret this silence:

> As *Travelers* makes clear, the question is whether the Code *disallows* post-petition attorneys' fees, and does so expressly. It was therefore decisive in *Travelers* that 'the Code says *nothing* about unsecured claims for contractual attorney's fee incurred while litigating issues of bankruptcy law.' 459 U.S. 453, 103 S.Ct. 843 (emphasis in original). And while *Travelers* declined to address section 506(b) (because the parties had not raised the issue below), . . . it is decisive here that the Code says nothing about such fees incurred litigating things *other* than issues of bankruptcy law.
>
> *Ogle*, 586 F.3d at 148 (emphasis in original).

The *Ogle* court concluded that §506(b) does not apply to unsecured claims for postpetition

5

Case 08-14135    Doc 464    Filed 04/27/10    Entered 04/27/10 16:02:47    Desc Main
Document      Page 5 of 13

attorney fees, and is not a bar to recovery. *Id*.

The second issue addressed by *SNTL, Corp.* was whether postpetition fees of an unsecured creditor can be disallowed under §502(b)(1), which provides that the amount of the claim must be determined as of the date of the petition. Since postpetition fees do not exist as of that date, they must be disallowed under this theory. The court found this approach to be inconsistent with the Bankruptcy Code's broad definition of a claim under 11 U.S.C. §101(5)(A), which includes any right to payment, even if the right is contingent and unliquidated. Since the parties' prepetition agreement contained a provision allowing attorney fees, the claim for attorney fees was simply an unliquidated, unmatured claim that came to fruition after the bankruptcy filing. *SNTL, Corp.*, 571 F.3d at 843-44. The *Ogle* court once again looked to the *Travelers* decision to reach the same conclusion, noting that the attorney fees in *Travelers* were postpetition, and that if the fees were not allowed on those grounds, the Court could have disposed of the claim on that ground alone. *Ogle*, 586 F.3d at 147. The *Ogle* court found that the contract awarding attorney fees was valid under state law, that none of the §502(b)(2)-(9) exceptions applied, and the Bankruptcy Code was silent as to whether it allowed unsecured claims for postpetition fees. *Id*.

The third argument against allowing an unsecured claim for postpetition attorney fees was whether such a claim was prohibited by the Supreme Court's ruling in *United Sav. Ass'n Of Texas v. Timbers of Inwood Forest Ass'n Ltd*, 484 U.S. 365, 108 S.Ct.626 (1988), which held that postpetition interest could only be paid from the equity cushion of an oversecured creditor under §506(b), therefore the claim of an undersecured creditor that has no equity cushion could not be allowed a claim for postpetition interest. The *SNTL, Corp.* court found that the *Timbers*

6

decision did not apply to a claim for postpetition attorney fees. The holding in *Timbers* was consistent with §502(b)(2), which specifically disallows claims for unmatured interest, and since there is no similar bar against attorney fees, the *Timbers* decision does not have the same application. *SNTL, Corp.*, 571 F.3d at 844; see also *Ogle*, 586 F.3d at 148.

The *SNTL, Corp.* court's final consideration was the public policy for allowing postpetition attorney fees for unsecured creditors. In *Electric Machine*, cited above, the court found that disallowing these claims "would promote 'equality of distribution' and would prevent individual creditors from utilizing scorched-earth litigation tactics or absorbing an inequitable amount of estate assets." *SNTL, Corp.*, 571 F.3d at 845 (quoting *Electric Machinery*, 371 B.R. at 551-53). The counter argument came from *Qmect, Inc. v. Burlingame Capital Partners II (In re Qmect, Inc.)*, 368 B.R. 882 (Bankr. N.D. Ca. 2007), which held that such claims should be allowed to avoid the inequality of allowing debtors to recover such fees but not creditors. *SNTL, Corp.*, 571 F.3d at 845. The *SNTL, Corp.* court did not adopt a position, noting "[i]n the end, it is the province of Congress to correct statutory dysfunctions and to resolve difficult policy questions embedded in the statute." *Id.* (footnote omitted). The *Ogle* court answered the concern that allowing postpetition fees to unsecured creditors would put other creditors at a disadvantage by reducing their distributions by noting that in contract negotiations between sophisticated business parties, the creditors bargained for the right to receive such fees by providing more value to the debtor at the time of the loan, and thus should be allowed to claim the fees. *Ogle*, 586 F.3d at 149.

This Court is persuaded by the reasons stated in *SNTL, Corp.* and *Ogle* that the portion of the creditors' claims for postpetition attorney fees should be allowed. As the Debtor pointed out,

7

the Eleventh Circuit has not ruled on this issue. However, *SNTL, Corp.* relied on the Eleventh Circuit's reasoning in *Welzel* regarding the connection between §502(b)(1) and §506(b) to reach its conclusion that postpetition attorney fees for unsecured were allowed under the Bankruptcy Code. While the Debtor's argument is persuasive, few post-*Travelers* decisions have adopted this interpretation of the correlation between §502(b)(1) and §506(b). Therefore, the Court adopts the reasoning of *SNTL, Corp.* and *Ogle* to find that the Debtor's objections to the claims for postpetition attorney's fees should be overruled.

The Debtor also objected to the portion of the creditors' claims that contain postpetition/preconfirmation interest based on §502(b)(2), which disallows claims for unmatured interest. The creditors agree that unmatured interest generally is not allowed, but point to an exception that when the debtor is solvent, postpetition interest is allowed on unsecured claims under 11 U.S.C. §726(a)(5). The Supreme Court briefly acknowledged the exception in *Timbers* in response to an argument raised by a party, but did not rely on it in its ruling. The Eleventh Circuit also recognizes the "solvency exception" under §726(a)(5) as "the principle -long established under pre-Code bankruptcy law- that claims for post-petition interest should be allowed in full where the debtor's estate ultimately proves to be solvent (*i.e.*, where the debtor's assets are sufficient to pay the claims of *all* creditors)." *In re Sublet*, 895 F.2d 1381, 1368 (11th Cir. 1990) (emphasis in original); see also *In re Colortex Indus., Inc.*, 19 F.3d, 1371, 1376-77 (11th Cir. 1994) ("Under this exception, where the debtor ultimately proves solvent, a balance of the equities dictates that creditors may receive any surplus, including claims for interest arising postpetition, ahead of payment to the debtor. [citations and footnote omitted] The legislative history states that section §726(a)(5) 'provides that postpetition interest on prepetition claims is .

8

Case 08-14135    Doc 464    Filed 04/27/10    Entered 04/27/10 16:02:47    Desc Main
Document      Page 8 of 13

. . to be paid to the creditor.' S. Rep. No. 95-989, 95th Cong., 2d Sess. 5, *reprinted in* 1978 U.S. Code Cong. & Admin. News, 5787, 5883."). The claimants assert that the Debtor is solvent based on its financial reports filed in the chapter 11 case, while the Debtor states that its solvency is a question of fact that would require further hearing. For purposes of this discussion, the Court will assume the Debtor is solvent without making a finding on the Debtor's solvency.

This Court found only one unpublished opinion in the Eleventh Circuit which supported the creditors' claim that postpetition interest on an unsecured claim should be allowed in a chapter 11 case, *In re Scarborough*, 1992 WL 672983 (Bankr. M.D. Ga.). The Court found nothing to indicate that the case has been cited in support of allowing postpetition interest for unsecured claims. In *Scarborough*, the debtor's chapter 11 plan was confirmed after the creditor's objection was resolved in a written stipulation which allowed the case to be confirmed, but allowed the parties to litigate whether the unsecured creditor was "entitled to post-petition interest where the Chapter 11 estate is solvent, and if so, at what rate of interest." *Id*. at *1. The court found that the Eleventh Circuit recognized the solvency exception based on *In re Sublet*, cited above, and therefore an unsecured creditor should be allowed postpetition interest if the Debtor's estate proved to be solvent. *Id*. at *2-3.

This Court is not persuaded by *Scarborough* for several reasons. First, the facts in *Sublet*, the case on which *Scarborough* substantially relied, dealt with an oversecured creditor seeking postpetition interest.[1] The *Sublet* court noted that the lower court hinged its ruling on the general rule that postpetition interest on claims against the debtor is not allowed in bankruptcy as stated

---

[1]The *Sublet* court presumed, based on the financial figures in the record, that the creditor was oversecured and the debtors were solvent. However, the court remanded the case to the bankruptcy court to make factual findings on these issues. *Sublet*, 895 F.2d at 1386-87.

in *Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156 (1946), and failed to take into account the "major substantive and procedural changes in bankruptcy law" brought about by the 1978 enactment of the revised Bankruptcy Code. Specifically, the court cited §506(b) which allows an oversecured creditor postpetition interest on its claim. *Sublet*, 895 F.2d at 1385. The court found that the bankruptcy court's failure to allow the postpetition interest to an oversecured creditor was "fatally flawed" in two respects. *Id.* One, the bankruptcy court's equitable powers must be "exercised within the confines of the Bankruptcy Code", especially §506(b), and two, the "solvency exception" itself would have allowed the creditor to receive postpetition interest from a solvent estate. *Id*. at 1386. After analyzing the *Sublet* opinion, it is not clear to this Court that the Eleventh Circuit relied on the solvency exception to allow postpetition interest for an oversecured creditor's claim or whether the Court merely noted that the pre-Code law was in agreement with §506(b).

Another reason that this Court does not subscribe to the *Scarborough* opinion is the issue of whether §726(a)(5) should be applied in a chapter 11 case. The unsecured creditors in *In re Kentucky Lumber Company*, 860 F.2d 674 (6th Cir. 1988) raised the solvency exception in defending an award of postpetition interest, and the court noted: "Section 726 is the general distribution section for liquidation cases. As we have mentioned, section (a)(5) provides that fifth in the order of payment in a liquidation case is interest at the legal rate from the date of filing the petition on any claim paid under the previous four paragraphs of subsection (a). Section 726 does not apply directly to Chapter 11 cases. It does, however, apply indirectly through the "best interests of creditors" test found in section 1129(a)(7)." *Kentucky*, 860 F.2d at 678. (Footnote omitted). Collier on Bankruptcy also recognizes that §726 does not apply

Case 08-14135   Doc 464   Filed 04/27/10   Entered 04/27/10 16:02:47   Desc Main
Document      Page 10 of 13

directly in chapter 11 cases: "Section 726 applies directly only in liquidation cases under chapter 7. . . . However, section 726 distribution rules do apply indirectly in chapters 11, 12, and 13 through the best interests of creditors test in sections 1129(a)(7), 1225(a)(4) and 1325(a)(4), which require the court in confirming a plan to determine whether holders of unsecured claims will receive at least as much as they would receive if the debtor were liquidated under chapter 7." 6 Colliers on Bankruptcy ¶ 726.01 726-4, 726-5 (Alan N. Resnick & Henry J. Sommer, eds., 15th Ed. Revised 1979). Finally, 11 U.S.C. §103(b) provides: "Subchapters I and II of chapter 7 of this title apply only in a case under such chapter." Section 726 falls within subchapter II of chapter 7. This Court found no case applying §726(a)(5) in a chapter 11 case in the Eleventh Circuit save the *Scarborough* case.[2] Therefore, the Court cannot conclude that §726(a)(5) directly applies in a chapter 11 case.

Finally, the Court will not follow *Scarborough* because the plain meaning of §502(b)(2) disallows claims for unmatured interest. Even *Timbers*, the case cited by the creditors for the solvency exception under §726(a)(5), noted that since §506(b) allows postpetition interest to be paid only from the "equity cushion" of an oversecured creditor, undersecured creditors who do not have an equity cushion fall under the general rule disallowing postpetition interest in §502(b)(2). *Timbers*, 108 S.Ct. 626, 631 (1988). As the Supreme Court held in *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242 (1989), "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce

---

[2]The Court found two cases in the Eleventh Circuit involving chapter 11 debtors that later converted to chapter 7. Section 726(a)(5) was applied after the debtor converted to chapter 7. See *In re Colortex Industries, Inc.*, 19 F.3d 1371 (11th Cir. 1994) and *In re Olympia Holding Corporation*, 250 B.R. 136 (Bankr. M.D. Fla. 2000).

a result demonstrably at odds with the intention of the drafters.'" (Citation omitted.). In this case, §502(b)(2) clearly disallows a claim for unmatured interest, unlike the situation in *Sublet* where the statutory provision at issue, §506(b), and the pre-Code law, the solvency exception, were in agreement. Without a clearer indication that the solvency exception as codified in §726(a)(5) applies in a chapter 11 case, the Court finds that §502(b)(2) should be followed, and therefore, any postpetition/preconfirmation interest in the creditors' claims should be disallowed.

In the present case, the Debtor maintains that the arbitration awards that are the basis of these claims include some unmatured interest as of the chapter 11 filing date. The Debtor's plan provides for interest on the allowed amount of each unsecured claim, and therefore interest began to accrue according to the confirmed plan. Based on §502(b)(2), the Court finds that any postpetition/preconfirmation interest contained in the creditors' claims should be disallowed.

Based on the foregoing, the Court finds that to the extent that the Debtor objects to the portion of the creditors' claims for postpetition attorney fees, the objections should be overruled, and to the extent that the Debtor objects to the portion of the creditors' claims for postpetition/preconfirmation interest, the objections should be sustained. It is hereby

**ORDERED** that the Debtor's objections to the creditors' claims listed in the Appendix are **OVERRULED** as to the portion of the claims for postpetition attorney fees, and **SUSTAINED** as to the portion of the claims for postpetition/preconfirmation interest.

Dated: April 27, 2010

*William S. Shulman*
WILLIAM S. SHULMAN
U.S. BANKRUPTCY JUDGE

# APPENDIX

| Docket Number | Claim Number |
|---|---|
| 324 | claim number 23 filed by AM Enterprises, LLC |
| 325 | claim number 24 filed by Wayne Chernicky Trustee |
| 326 | claim number 25 filed by Island Condominiums, LLC |
| 327 | claim number 26 filed by Wayne Waddell |
| 328 | claim number 27 filed by Michael Combs |
| 329 | claim number 28 filed by Dr. Robert C. Nusbaum |
| 330 | claim number29 filed by Mary Jo Rapetti |
| 331 | claim number 30 filed by Robert W. and Evelyn W. Young |
| 332 | claim number 31 filed by Myron and Denise Shewchuk |
| 333 | claim number 32 filed by James and Mary Livingston |
| 334 | claim number 33 filed by Quad D. Rentals, LLC |
| 335 | claim number 34 filed by Chris Golonka and Kazimierz Golonka |
| 336 | claim number 35 filed by RBH, LLC |
| 337 | claim number 36 filed by Kevin Roberts |
| 338 | claim number 37 filed by Three M. Properties, LLC |
| 339 | claim number 38 filed by Steven and Felicia Northcutt |
| 340 | claim number 39 filed by Richard Hambric, Sr |
| 341 | claim number 40 filed by Gregory Downs |
| 342 | claim number 41 filed by Bille A. Murry |
| *** | |
| 391 | claim number 6 filed by Richard Murray, III as amended |
| 392 | claim number 8 filed by Robert Tortajada as amended |
| 393 | claim number 9 filed by Charles Campbell as amended |
| 394 | claim number 10 filed by Joseph Campus, III as amended |
| 395 | claim number 11 filed by Joseph Campus, IV |
| 396 | claim number 12 filed by Reclaro, Inc. as amended |
| 397 | claim number 14 filed by Arthur Fitzner as amended |
| 398 | claim number 16 filed by Celeste Taylor as amended |
| 399 | claim number 17 filed by John and Tracy Gardner as amended |
| 400 | claim number 18 filed by Jay and Lisa Murray |
| 401 | claim number 19 filed by Brian Hennick |
| 402 | claim number 20 filed by Raymond Hennick as amended |
| 403 | claim number 21 filed by Greg Woodfin as amended |
| 404 | claim number 22 filed by Allan L. McLeod, Jr. as amended |
| 405 | claim number 15 filed by Timothy I. Warren as amended |
| 406 | claim number 13 filed by Arthur Drago & Kathy Drago |
| 407 | claim number 2 filed by Randall A. Coggins and Kenneth R. Thompson |
| 408 | claim number 7 filed by Charles D. and Donna M. Steinau |